

**Charles Palella**
**Admitted in New York**

Telephone: (212) 209-4400

cpalella@armstrongteasdale.com

April 10, 2019

**Via Electronic Case Filing**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:     *Philips Medical Systems MR, Inc. v. Continental Disc Corporation*
        Case No. 19-cv-01498-JGK

Dear Judge Koeltl:

Armstrong Teasdale LLP represents defendant Continental Disc Corporation ("CDC"). Pursuant to § 2.B. of the Court's Individual Practices, CDC hereby requests a pre-motion conference.  As plaintiff Philips Medical Systems MR, Inc. ("Philips") filed this case in an improper venue, CDC intends to file a motion to dismiss or, in the interest of justice, to transfer this case to the United States District Court for the Western District of Missouri, the venue of a   prior pending action between the parties (*Continental Disc Corporation v. Philips Medical Systems MR, Inc.*, Case No. 19-cv-00245-HFS [the "WDMo. Action"]).

A.      Background and Procedural Posture

Philips is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Latham, New York (ECF Doc. 1, Complaint ¶4), which is situated in the Northern District of New York.  CDC is a corporation organized and existing under the laws of the State of Missouri, with a principal place of business in Liberty, Missouri (id., ¶5), which is situated in the Western District of Missouri.  CDC does not maintain an office in New York; nor are any CDC employees present in New York.[1]

In accordance with a general agreement the parties reached after employees of Philips travelled to CDC's principal place of business (id., ¶27), CDC manufactured rupture discs in Liberty, Missouri, and shipped such goods to Philips in Latham, New York.  The rupture discs were used by Philips as safety components of superconducting magnets in MRI machines that Philips

---

[1]      While the complaint recites a forum selection clause designating SDNY (ECF Doc. 1, ¶7), the applicability of such clause is in dispute, as CDC's terms and conditions contain a contrary clause designating Liberty, Missouri.

Hon. John G. Koeltl, U.S.D.J.
April 10, 2019
Page 2

manufactured.  According to Philips, CDC rupture discs that were components of Philips MRI machines failed at hospitals located in India and Vietnam.  (Id., ¶¶51-52 and 63)

After the alleged incidents in India and Vietnam, Philips and CDC entered into a tolling agreement to preserve the *status quo* and explore settlement, which included formal mediation. By its terms, the tolling agreement would terminate sixty days following written notice by either CDC or Philips.  As CDC's efforts to resolve the parties' dispute proved unsuccessful, on December 19, 2018, CDC provided Philips with written notice of the termination of the tolling agreement. Thus, the first day either party could bring a claim against the other was February 17, 2019.  So, on February 17, 2019, CDC commenced an action seeking declaratory relief in the Circuit Court of Clay County, Missouri.  The following day, Philips commenced this action for money damages.  A stipulation between the parties extending CDC's time to answer to April 10th was "So Ordered" by the Court on March 14th (ECF Doc. 13).  CDC has not made any other request for an extension of time.

B.    SDNY Is Not a Proper Venue

In *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Texas*, 571 U.S. 49 (2013), the Supreme Court articulated a straightforward venue standard:

> When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b).  If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a).  Id., 571 U.S. at 56.

In light of CDC's state of incorporation, the location of CDC's principal place of business and the places where substantial parts of the events or omissions giving rise to Philips' claims are alleged to have occurred, *supra*, the only way CDC may be deemed to reside in the Southern District of New York (SDNY) for purposes of 28 U.S.C. § 1391(b) is for CDC's "contacts [to] be sufficient to subject it to personal jurisdiction [in SDNY] if that district was a separate State[.]" 28 U.S.C. § 1391(d) [emphasis supplied].

To determine the propriety of exercising personal jurisdiction over a non-domiciliary, the Court should look to New York law, subject to federal constitutional limitations.  General jurisdiction may constitutionally be asserted over corporate entities only if "their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) [citation omitted]. *Daimler* established that, "except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal of business – the 'paradigm' of cases." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016).  The allegations in the complaint do not establish that this is an extraordinary case in which the exercise of general jurisdiction over CDC in SDNY would be appropriate.

In order for a non-domiciliary to be subject to specific jurisdiction, the suit must arise out of the defendant's contact with the forum. *Bristol-Myers Squibb Co. v. Superior Court of California,*

Hon. John G. Koeltl, U.S.D.J.
April 10, 2019
Page 3

*San Francisco County*, 137 S.Ct. 1773, 1780 (2017) [quoting *Daimler*, *supra*, 571 U.S. at 127]. "A suit will be deemed to have arisen out of a party's activities in [the forum] if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in [the forum]." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). As CDC manufactured the subject rupture discs in Missouri and shipped them to Philips in Latham, New York, and the alleged disc failures occurred in India and Vietnam, there is no "articulable nexus" between Philips' claims and SDNY. Consequently, the exercise of specific jurisdiction over CDC in SDNY is inappropriate.

Based upon the foregoing, SDNY is an improper venue.[2] This case should be dismissed, or, as the WDMo. Action was filed first and Philips admits CDC's "action for a declaratory judgment pertains to this very dispute" (WDMo. Action ECF Doc. 5), judicial economy would be best promoted by transferring this case to the Western District of Missouri.[3] As Philips' motion to transfer venue, which CDC intends to oppose, raises some of the very same issues involving the interests of justice that would be litigated in a transfer motion here, it may be appropriate for the Court to enter a stay of proceedings pending the determination of the motion in the WDMo. Action.

We look forward to addressing these issues with the Court.

---

[2]    Philips has made a motion to transfer the WDMo. Action to the Southern District of New York. In its moving papers, Philips claims: "[it] is a citizen of the State of New York, with its principal place of business in Latham, New York. Because [Philips] resides in Latham, New York, the venue requirements of 28 U.S.C. § 1391(b) would be satisfied in the Southern District of New York. Furthermore, a substantial part of the events giving rise to the claim occurred in the Southern District of New York, where Philips ordered the rupture discs, issued its own purchase orders, received CDC's proposed purchase orders, and received shipments of the discs, providing an additional basis as to which venue is proper in the Southern District of New York." (WDMo. Action ECF Doc. 5, p. 9) Latham is in Albany County, in the Northern District of New York. Philips resides in the Northern District and, assuming its allegations are true, any events giving rise to this dispute occurred in the Northern District. This dispute has no connection to the Southern District of New York.

[3]    "Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories listed in § 1391(b)." *Atlantic Marine*, 571 U.S. at 56. *See also, e.g., R & B Wire Products, Inc. v. Everstrong Commercial Products, LLC*, 2019 WL 1069536 at *3 (C.D.Cal. Jan. 3, 2019) (finding "Plaintiff's argument that venue is proper because of the forum-selection clause is meritless" [citing venue standard articulated in *Atlantic Marine*]); *Healthcare Services Group, Inc. v. New Orleans Home for the Incurables, Inc.*, 2018 WL 2994375 (E.D.Pa. June 14, 2018) (holding plaintiff must establish venue is proper before proceeding to an analysis of a forum selection clause [citing *Atlantic Marine*]).

In its papers removing the state court action to the United States District Court for the Western District of Missouri, Philips admits the parties' dispute "implicates a 'battle of the forms,' with both CDC and Philips contending that the documents they generated in connection with the rupture discs governs the dispute." (WDMo. Action ECF Doc. 1, ¶14) Philips further admits the "parties' documents generated in connection with the purchases in dispute contain different, conflicting forum selection provisions." (Id., ¶35) Based upon Philips' concessions and authorities which discount disputed venue provisions when determining transfer motions, the conflicting provisions in the parties' documents should not factor into the Court's analysis, even under 28 U.S.C. § 1404. *See, e.g., Golden v. Clear Advantage Marketing*, 2016 WL 9651215 at *11 (E.D.La. Sept. 30, 2016) ("When a forum selection clause is disputed, its weight in a section 1404 analysis is greatly diminished." [citing cases]).

Hon. John G. Koeltl, U.S.D.J.
April 10, 2019
Page 4

Respectfully submitted,

/s/ Charles Palella

Charles Palella

cc:   Brendan C. Galgay, Esq. (via ECF)
       Scott Carter Ford, Esq. (via ECF)
       Dominic Joseph Picca, Esq (via ECF)

ARMSTRONG TEASDALE LLP